STATE OF MISSOURI, Respondent, v. HARRING-
TON, Appellant.

**St. Louis Court of Appeals, March 21, 1905.**

LARCENY: Sufficiency of Evidence. In a prosecution for petty lar-
ceny, the evidence is examined and held sufficient to sustain a
verdict of guilty.

Appeal from St. Louis City Circuit Court.— *Hon.*
*Daniel G. Taylor,* Judge.

AFFIRMED.

S. S. Bass for appellant.

Jos. W. Folk for respondent.

GOODE, J.—The appellant was convicted of the
crime of petit larceny. The information against her
charged her with stealing a cloak belonging to D. May,
J. E. Schoenberg and L. D. Schoenberg, doing business
in the city of St. Louis under the style of "The Famous."
The date of the offence is stated as October 17, 1903. The
principle witness for the State was Mrs. Gatecliffe, a
saleswoman at the store known as "The Famous." That
witness testified to observing the appellant and another
woman (Pauline Klein) on the third floor of the estab-
lishment toward the close of the afternoon of the date
mentioned. They were moving about among the dis-
play of ladies cloaks and coats and the actions of the
appellant attracted the witness' attention. She swore
the appellant walked in a peculiar manner, as if some of
her clothing was loose. The witness next noticed appel-
lant in a stooped position as though trying to adjust her
underclothing or hose. The witness then saw the trim-

ing of the stolen cloak projecting from beneath appellant's dress and thereupon asked appellant what it was, who replied: "It is my (appellant's) coat." The witness seized the garment and recognized it as belonging to the store; indeed, it had the firm's tags and sale marks on it. Witness accused the appellant of taking it and was denounced as a liar. This was about the substance of the testimony except proof of the value of the garment. Appellant took the stand in her own behalf, but merely testified that she had nothing to do with the cloak and never had it under her skirt. The cross-examination of the main witness for the prosecution indicates that the defense was that the appellant did not have the cloak concealed under her dress but that it, along with other cloaks, was lying on the floor of the establishment and she was standing by it when Mrs. Gatecliffe taxed her with having stolen it.

The instructions are full and accurate in our judgment. No brief has been filed or argument made in behalf of the appellant, but we have gone over the record, as is our duty, and find that the case for the State was sustained by substantial and credible testimony. Discovering no error, the judgment is affirmed. All concur.